**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN RITCHIE B.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 18-0457-JPR <br><br> **MEMORANDUM DECISION AND ORDER AFFIRMING COMMISSIONER** |

**I. PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying his applications for Social Security disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The parties consented to the jurisdiction of the undersigned under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed October 12, 2018,

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is affirmed.

**II.  BACKGROUND**

Plaintiff was born in 1979. (Administrative Record ("AR") 66.)  He completed high school (AR 66) and last worked full-time at a tire center changing and selling tires (AR 192, 195). Before that, he was a ride operator at a theme park and a night manager at a store.  (AR 67, 192-94.)

On April 29, 2014, Plaintiff applied for DIB, alleging that he had been unable to work since June 11, 2011, because of "[d]egenerative disc L3-L4."  (AR 86, 152-53.)  After his application was denied initially (AR 86-96) and on reconsideration (AR 97-109), he requested a hearing before an Administrative Law Judge (AR 122).  He apparently applied for SSI on January 22, 2015, but as the ALJ noted (AR 32, 67), that application is not in the record.  A hearing was held on October 28, 2016, at which Plaintiff was not represented by counsel but chose to proceed and testify anyway.  (AR 62-75.)  A vocational expert also testified (AR 75-79, 82-84), as did Plaintiff's wife (AR 79-81).

In a written decision issued December 23, 2016, the ALJ found Plaintiff not disabled since December 3, 2013, the day following a prior determination of nondisability.  (See AR 33, 42; see also generally AR 29-42.)  Plaintiff requested review from the Appeals Council (AR 150-51), which denied it on January 26, 2018 (AR 1-4).  This action followed.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, __ U.S. __, 2019 U.S. LEXIS 2480, at *10 (U.S. Apr. 1, 2019). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV.  THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is

3

expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); <u>Drouin v. Sullivan</u>, 966 F.2d 1255, 1257 (9th Cir. 1992).

### A. <u>The Five-Step Evaluation Process</u>

The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, the claimant is not disabled and his claim must be denied. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth

4

step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[2] to perform his past work; if so, he is not disabled and the claim must be denied. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Drouin, 966 F.2d at 1257. That determination comprises the fifth and final step in the sequential analysis. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B. The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff met the insured status requirements through December 31, 2016, and had not engaged in substantial gainful activity since December 3, 2013. (AR 34.) At step two, he determined that he had severe impairments of "lumbar spine herniated nucleus pulposus, major depression and agoraphobia." (AR 35.)

At step three, he found that Plaintiff's impairments did not

---

[2] RFC is what a claimant can do despite existing exertional and nonexertional limitations. §§ 404.1545, 416.945; see also Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). The Commissioner assesses the claimant's RFC between steps three and four. Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing § 416.920(a)(4)).

5

meet or equal a listing. (AR 35-37.) At step four, he concluded that he had the RFC to perform "sedentary work"[3] with some limitations:

> He can lift and/or carry 10 pounds occasionally. He can perform primarily seated work, but must be allowed to sit and/or stand at will. He cannot bend or stoop. He can perform simple, repetitive tasks with limited public contact.

(AR 37.) Based on the VE's testimony, the ALJ concluded that Plaintiff could not do his past relevant work. (AR 40.)

At step five, he found that given Plaintiff's age, education, work experience, and RFC, he could perform at least two representative jobs in the national economy: "[d]ocument preparer, sticker," DOT 734.687-090, 1991 WL 679968 (Jan. 1, 2016);[4] and "table worker," DOT 739.687-182, 1991 WL 680217 (Jan.

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." §§ 404.1567(a), 416.967(a); see also SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) ("Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. By its very nature, work performed primarily in a seated position entails no significant stooping.").

[4] The DOT number corresponds with the job title "sticker." See DOT 734.687-090, 1991 WL 679968. The VE suggested that Plaintiff could perform the occupation of "document preparer, . . . DOT 249.587-01[8]," 1991 WL 672349 (Jan. 1, 2016) (AR 78), in response to the ALJ's first hypothetical and stated, "I would say the document preparer. . . . A job called sticker" in response to his third hypothetical (AR 82). As Respondent notes, "[t]his may have been why the two jobs were confused in the ALJ's decision." (J. Stip. at 11 (citing AR 41).) Although the DOT description for document preparer appears to accommodate Plaintiff's RFC, the Court declines to consider it because the
(continued...)

6

1, 2016). (AR 41.) Accordingly, he found him not disabled. (AR 42.)

**V. DISCUSSION**[5]

Plaintiff argues that the ALJ erred in finding that he could perform "alternate occupations" at step five. (J. Stip. at 4; see also J. Stip. at 4-9, 14.) For the reasons discussed below, remand is not warranted.

<u>The ALJ Properly Found that Plaintiff Could Perform Alternative Jobs at Step Five</u>

Plaintiff contends that the ALJ erred by accepting the VE's testimony that he could perform the occupations of sticker and table worker. (<u>See generally</u> <u>id.</u>) Specifically, he contends that by including a "sit/stand option" in his RFC, the ALJ recognized that Plaintiff would sometimes have to stand and yet because he could not bend or stoop "common sense" dictates that he would not be able to perform the necessary work while standing. (<u>Id.</u> at 6-7.)

---

[4] (...continued)
ALJ referred to the DOT number for "sticker" only. In any event, as explained herein, remand is not warranted.

[5] In <u>Lucia v. SEC</u>, 138 S. Ct. 2044, 2055 (2018), the Supreme Court held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent <u>Lucia</u> applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings. (<u>See</u> AR 63-85, 150-51); <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended) (plaintiff forfeits issues not raised before ALJ or Appeals Council); <u>see also generally</u> <u>Kabani & Co. v. SEC</u>, 733 F. App'x 918, 919 (9th Cir. 2018) (rejecting <u>Lucia</u> challenge because plaintiff did not raise it during administrative proceedings), <u>pet. for cert. filed</u>, __ U.S.L.W. __ (U.S. Feb. 22, 2019) (No. 18-1117).

A.  <u>Applicable law</u>

At step five, the Commissioner has the burden of showing the existence of work in the national economy that the claimant can perform, taking into account his age, education, and vocational background. See <u>Pinto v. Massanari</u>, 249 F.3d 840, 844 (9th Cir. 2001). To meet this burden, the ALJ must "identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite his identified limitations." <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995).

When a VE provides evidence at step five about the requirements of a job, the ALJ has a responsibility to ask about "any possible conflict" between that evidence and the DOT's job description. See SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000); <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1152-54 (9th Cir. 2007) (holding that application of SSR 00-4p is mandatory). When such a conflict exists, the ALJ may accept VE testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." <u>Pinto</u>, 249 F.3d at 846 (citing <u>Johnson</u>, 60 F.3d at 1435); <u>see also</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1042 (9th Cir. 2008) (finding error when "ALJ did not identify what aspect of the VE's experience warranted deviation from the DOT"). A conflict with the DOT must be "obvious or apparent" to require inquiry by the ALJ. See <u>Gutierrez v. Colvin</u>, 844 F.3d 804, 808 (9th Cir. 2016); <u>Massachi</u>, 486 F.3d at 1154 n.19. A conflict is obvious or apparent when it is at odds with DOT job requirements related to tasks that are "essential, integral, or expected parts of a job." <u>Gutierrez</u>, 844 F.3d at 808.

When a hypothetical includes all the claimant's credible functional limitations, an ALJ is generally entitled to rely on the VE's response to it. See Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002); see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony.").

### B. Relevant background

The ALJ asked the VE to assume a hypothetical individual with Plaintiff's age, education, and work background, with the following limitations:

> Primarily seated work but must be able to sit and stand at will as needed for comfort. No lifting, pushing, pulling more than ten pounds. No bending or stooping. In addition, this individual is limited to simple repetitive tasks, or has the ability to perform simple repetitive tasks with limited public contact.

(AR 82.) The VE testified that such an individual could work as a "sticker, DOT 734.687-090," or a "table worker, DOT 739.687-182." (Id.)

The VE confirmed that her testimony was "consistent with the [DOT] and its companion publication" (AR 76) but that because "sit/stand is not described" in the DOT, she relied on her "professional knowledge and experience that you can do [certain jobs] in a sitting and standing position" or "[s]it/stand at will" (AR 78).

### C. Analysis

Plaintiff does not argue that the VE's testimony conflicted with the DOT, cf. Gutierrez, 844 F.3d at 808, or that the ALJ's

9

hypothetical to the VE excluded any of his functional limitations, cf. Thomas, 278 F.3d at 956. Instead, he argues that "common sense and reason dictate" that his limitations would prevent him from working as a sticker or table worker. (J. Stip. at 7.) He states that "it belies common sense to assert [] that a person standing without the ability to bend or stoop, a posture akin to standing like 'Herman Munster,' at a work station, can perform the requirements of jobs of sticker . . . and table worker." (Id.)

Contrary to Plaintiff's argument otherwise (id. at 5), the ALJ's step-five finding was supported by substantial evidence, including the DOT and VE testimony. See SSR 00-4p, 2000 WL 1898704, at *2 (SSA relies "primarily on the DOT" at step five and may use VE "to resolve complex vocational issues"); see also §§ 404.1566(d), 416.966(d). The DOT categorizes the sticker and table-worker jobs as "[s]edentary" and lists "[s]tooping" and "[c]rouching" as "[n]ot [p]resent," clarifying that such "[a]ctivit[ies] or condition[s] do[] not exist." DOT 734.687-090, 1991 WL 679968 (sticker); DOT 739.687-182, 1991 WL 680217 (table worker). Bending is not addressed by the DOT, but SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983), defines stooping and crouching as types of bending. Nothing in the DOT description for sticker indicates that any form of bending would be required: "Glues paper-covered wire to artificial flowers to stiffen and strengthen them[;] [m]ay emboss simulated veins on leaves." DOT 734.687-090, 1991 WL 679968. The description of a table worker also reveals no obvious need for bending; such a worker "[e]xamines squares (tiles) of felt-based linoleum material

10

passing along on conveyer and replaces missing and substandard titles." DOT 739.687-182, 1991 WL 680217.

Plaintiff argues that he could not perform these jobs while standing without needing to "bend over." (J. Stip. at 7.) This argument may have some merit as to the table-worker job because it is described as sedentary work in front of a conveyer belt. See DOT 739.687-182, 1991 WL 680217. If a worker can reach the conveyer belt comfortably while sitting, he might need to bend to reach it while standing, thus conflicting with Plaintiff's RFC. (AR 37.) The DOT description for sticker, however, does not indicate a fixed workstation, and a worker could presumably pick up his project to continue working while standing. DOT 734.687-090, 1991 WL 679968. Any error as to the table-worker job is thus harmless because at least one of the jobs the VE proposed is consistent with Plaintiff's uncontested RFC. See §§ 404.1566(b), 416.966(b) (noting that step five requires significant number of jobs "in one or more occupations"); Hernandez v. Berryhill, 707 F. App'x 456, 458-59 (9th Cir. 2017) (any error in ALJ's determination that Plaintiff could perform two particular jobs was harmless because he properly found that Plaintiff could perform one job).

Plaintiff's reliance on SSR 96-9p is misplaced. (J. Stip. at 8); see also SSR 96-9p, 1996 WL 374185 (July 2, 1996). The ruling does state that a "<u>complete</u> inability to stoop would significantly erode the unskilled sedentary occupational base"; but it then clarifies that "[c]onsultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping." SSR 96-

11

9p, 1996 WL 374185, at *8 (emphasis in original). Here, the ALJ properly consulted with and relied on the VE, who confirmed that her testimony was consistent with the DOT. (See AR 75-79, 82-84 (VE testimony); see also AR 41-42 (ALJ stating that he relied on VE's testimony, which he "determined [was] consistent with the information contained in the [DOT]).) The VE noted that "sit/stand is not described in the [DOT], so these are jobs that I know from professional knowledge and experience that you can do in a sitting and standing position." (AR 78); see also Biestek, 2019 U.S. LEXIS 2480, at *18-19 (even without providing "underlying data," "expert's testimony still will clear (even handily so) the more-than-a-mere-scintilla threshold"); Bayliss, 427 F.3d at 1217. She then eroded the number of table-worker positions available to Plaintiff, presumably at least in part because of the "sit/stand" option and the prohibition on bending and stooping. (AR 83.)

Thus, the ALJ satisfied his burden at step five and appropriately found that Plaintiff could perform alternative work in the national economy. See Hernandez v. Astrue, No. 1:10-cv-00198 SKO., 2011 WL 2493759, at *6 (E.D. Cal. June 22, 2011) (finding that "[b]ased on SSR 96-9p . . . the ALJ correctly elicited testimony from a VE to determine whether, despite the erosion of a full range of sedentary work [in part because Plaintiff could not stoop at all], there were still significant numbers of jobs in the national economy that Plaintiff could perform"). And because no obvious or apparent conflict between

the VE's testimony and the DOT existed,[6] the ALJ did not err in relying on the VE's testimony that Plaintiff could do the jobs she suggested. See Gutierrez, 844 F.3d at 808.

As part of his step-five argument, Plaintiff contends that the ALJ failed to fulfill his "heightened" duty to develop the record. (J. Stip. at 8 (citing Tonapetyan v. Halter, 242 F.3d 114, 1150 (9th Cir. 2001)).) But despite being unrepresented at the hearing, Plaintiff remained responsible for producing evidence in support of his disability claim. See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (as amended); Muro v. Astrue, No. EDCV 12-0058-DTB., 2013 WL 327468, at *3 (C.D. Cal. Jan. 29, 2013) (finding that "fact that plaintiff was unrepresented during the administrative hearing does not, without more, constitute good cause for failure to submit [medical evidence]" in support of disability claim). And the record reveals no reason why a duty to further develop the record was triggered; it occurs only when there is "ambiguous evidence" or when the ALJ finds that "the record is inadequate to allow for proper evaluation of the evidence." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2010) (as amended May 19, 2011) (citing Tonapetyan, 242 F.3d at 1150).

As Defendant argues, "[a] common sense review of the record" shows that Plaintiff's difficulties with bending and stooping stem from an issue with his lumbar spine (J. Stip. at 12; see

---

[6] The ALJ noted in the RFC that Plaintiff would perform work primarily in a seated position. (AR 37.) Thus, a need to stand infrequently while working was not an "essential, integral, or expected" part of the jobs and did not constitute an "obvious or apparent conflict" with the DOT. See Gutierrez, 844 F.3d at 808.

13

also AR 35 (ALJ finding "severe" lumbar-spine impairment)), and the DOT descriptions of the sticker and table-worker jobs indicate that the only necessary movement would be mild neck mobility. See generally DOT 734.687-090, 1991 WL 679968 (sticker); DOT 739.687-182, 1991 WL 680217 (table worker). The record unambiguously reveals that Plaintiff had no issues with such range of motion; indeed, as the ALJ noted (AR 36), he testified that he spent "three to four hours a week" shooting and editing videos (AR 72) and "a couple hours a day" playing guitar (AR 73). Moreover, Plaintiff drove – including to the hearing – which necessarily requires some neck and spine manipulations to get in and out of the vehicle. (AR 66.) And the ALJ gave "great weight" to a doctor who found that Plaintiff had "reduced lumbar spine range of motion" but normal results otherwise. (AR 39; see also generally AR 562-68.)[7] Plaintiff does not contest the ALJ's findings regarding the medical-opinion evidence, his subjective pain testimony, or his RFC, nor does he specify any ambiguities or inadequacies in the record. (See generally J. Stip. at 8.) As such, the ALJ had no reason to further develop the record.

Because nothing indicates that Plaintiff could not perform work that was "essential, integral, or expected" in either job, Gutierrez, 844 F.3d at 808, the ALJ reasonably relied on the VE's testimony and appropriately determined that Plaintiff could perform alternative work at step five.

---

[7] Defendant also points out (see J. Stip. at 12) that Plaintiff testified that he could bend at the waist (AR 74), and medical records showed no neck or upper-back impairments (see, e.g., AR 577).

14

**VI. CONCLUSION**

Consistent with the foregoing and under sentence four of 42 U.S.C. § 405(g),[8] IT IS ORDERED that judgment be entered AFFIRMING the Commissioner's decision, DENYING Plaintiff's request for payment of benefits or remand, and DISMISSING this action with prejudice.

DATED: April 11, 2019

                                       JEAN ROSENBLUTH
                                       U.S. MAGISTRATE JUDGE

---

[8] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."